UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEAL PATRICK O'FLAHERTY and
DYLAN KEITH O'FLAHERTY,

    Plaintiffs,

v.  No. 1:22-cv-00981-KRS

STATE OF NEW MEXICO EX REL. BOARD OF
REGENTS OF THE UNIVERSITY OF NEW MEXICO,
NEW MEXICO HIGHER EDUCATION DEPARTMENT,
PETER KOVNAT, and
STEPHANIE RODRIGUEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *pro se* Plaintiffs' Complaint, Doc. 1, filed December 28, 2022, Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed December 28, 2022, and Plaintiffs' Motion for Appointment of Counsel, Doc. 3, filed December 28, 2022.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiffs signed an affidavit stating they are unable to pay the costs of these proceedings and provided the following information: (i) Plaintiffs' average monthly income during the past 12 months is $1,000.00; (ii) Plaintiffs' monthly expenses total $700.00; and (iii) Plaintiffs do not have any cash and do not have any money in bank accounts. The Court finds that Plaintiffs are unable to pay the costs of this proceeding because they signed an affidavit stating they are unable to pay the costs of these proceedings and their monthly expenses are only slightly less than their low monthly income.

**Motion for Appointment of Counsel**

Plaintiffs' Motion for Appointment of Counsel states in its entirety:

The Supreme Court of Nevada has directly ruled that the legal abandonment of Nevada attorneys Stephen A. Bowers and Gianna Maria E. Orlandi has resulted in significant real harm and damages to Plaintiffs.

Plaintiffs hereby pray this court approve Plaintiffs' motion before this court for appointment of counsel, given the extraordinary circumstances inherent to Plaintiffs' case.

Motion for Appointment of Counsel at 1.

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012). The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1). Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation. Plaintiffs have not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case.

The Court denies Plaintiffs' Motion for Appointment of Counsel. The Court refers Plaintiffs to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.

**The Complaint**

Plaintiffs, who previously were students at the University of Nevada Las Vegas ("UNLV") and transferred to the University of New Mexico ("UNM"), allege that they "experienc[ed] direct unlawful retaliation from UNM employees," but do not describe the retaliation. Complaint at 3, ¶¶ 17-18. Plaintiffs also allege:

3

> In effort to conceal criminal misconduct between UNM and UNLV including multiple direct Clery Act and FERPA violations, UNM de-facto expelled both Plaintiffs, each of whom had continued to maintain honor roll status as UNM students ... Plaintiffs have held multiple meetings with senior U.S. Department of Education investigators regarding the myriad rights abuses perpetrated daily upon Plaintiffs by UNM and UNLV ... Loretta Martinez had de-facto expelled Plaintiffs from the University of New Mexico under the alleged/unfounded premise that Plaintiffs, as Dean's List students, allegedly "*lack legitimate educational intent*" ... Defendant UNM has engaged in unlawful, tortious conduct on a daily basis in these matters, in furtherance of unlawfully concealing from the U.S. Department of Education and the U.S. Department of Justice the ongoing Title IX violations involving the University of New Mexico.

Complaint at 4-5, ¶¶ 22-24 (emphasis in original). The Complaint does not describe the "myriad rights abuses" or the daily "tortious conduct." Plaintiffs assert claims for deprivation of civil rights pursuant to 42 U.S.C. § 1983, *see* Complaint at 1, stating:

> 35. UNM's de-facto expulsions of Plaintiffs without legally required due process provides Plaintiffs with legal cause of civil action before this court, for deprivation of civil rights.
>
> 36. The New Mexico Higher Education Department's failure to restore Plaintiffs' equal access to higher education at the University of New Mexico provides Plaintiffs with legal cause of civil action before this court, for deprivation of civil rights.
>
> 37. Defendants' behavior violated 42 U.S.C. [sic] by discriminating upon Plaintiffs on basis of protected status including sex, sexual orientation, race, ethnicity, and disability status.

Complaint at 6.

The Complaint fails to state a due process claim. *See Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (20th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?"). The Complaint alleges that "UNM's status as a federally-

4

funded public university requires Defendant to engage in due process in all matters involving student discipline" but does not allege facts describing the process due to Plaintiffs.

The Complaint fails to state a claim against Defendants Peter Kovnat and Stephanie Rodriguez pursuant to 42 U.S.C. § 1983.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The only factual allegation regarding Defendant Kovnat states: "Counsel Peter Kovnat has refused to contact the U.S. Department of Education regarding this matter [UNM and the New Mexico Higher Education Department's failure to restore Plaintiffs' access to education at UNM], despite direct knowledge that such negligence continues to unlawfully compound the active harm and damages which the Supreme Court of Nevada has already ruled has resulted in real harm and damages to Plaintiffs."  Complaint at 2, ¶ 3.  The Complaint does not contain any factual allegations regarding Defendant Rodriguez.

The Complaint fails to state claims of discrimination based on "sex, sexual orientation, ethnicity, and disability status" and retaliation.  The Complaint contains conclusory allegations that Defendants "discriminat[ed] upon Plaintiffs on [the] basis of protected status including sex, sexual orientation, race, ethnicity" and "retaliated against Plaintiffs for lawfully whistle-blowing on matters involving student safety and Title IX violations" but does not contain factual allegations describing the discrimination and retaliation.  A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the

5

sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Furthermore, the Complaint does not identify the specific legal right or federal statutes Plaintiffs believe the alleged discrimination and retaliation violated. *See Nasious*, 492 F.3d at 1163.

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. The Court grants Plaintiff leave to file an amended complaint.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of Summons and Amended Complaint on Defendants at this time because the Court is ordering Plaintiffs to file an amended complaint. The Court will order service if Plaintiffs file: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides each Defendant's address.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiffs of their obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed December 28, 2022, is **GRANTED.**

(ii)     Plaintiffs' Motion for Appointment of Counsel, Doc. 3, filed December 28, 2022, is **DENIED.**

(iii)     Plaintiffs shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**