UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NEAL PATRICK O'FLAHERTY and
DYLAN KEITH O'FLAHERTY,

    Plaintiffs,

v.                                              No. 1:22-cv-00981-KWR-KRS

STATE OF NEW MEXICO ex rel. BOARD OF
REGENTS OF THE UNIVERSITY OF NEW MEXICO,
NEW MEXICO HIGHER EDUCATION DEPARTMENT,
PETER KOVNAT,
STEPHANIE RODRIGUEZ,
MATT RUYBAL,
MICHELLE LUJAN GRISHAM, and
U.S. DEPARTMENT OF EDUCATION,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiffs, who are proceeding *pro se* and were previously students at the University of Nevada Las Vegas ("UNLV") and transferred to the University of New Mexico ("UNM"), alleged that they "experienc[ed] direct unlawful retaliation from UNM employees," but did not describe the retaliation. Complaint at 3, ¶¶ 17-18, Doc. 1, filed December 28, 2022. Plaintiffs also alleged:

> In effort to conceal criminal misconduct between UNM and UNLV including multiple direct Clery Act and FERPA violations, UNM de-facto expelled both Plaintiffs, each of whom had continued to maintain honor roll status as UNM students ... Plaintiffs have held multiple meetings with senior U.S. Department of Education investigators regarding the myriad rights abuses perpetrated daily upon Plaintiffs by UNM and UNLV ... Loretta Martinez had de-facto expelled Plaintiffs from the University of New Mexico under the alleged/unfounded premise that Plaintiffs, as Dean's List students, allegedly "*lack legitimate educational intent*" ... Defendant UNM has engaged in unlawful, tortious conduct on a daily basis in these matters, in furtherance of unlawfully concealing from the U.S. Department of Education and the U.S. Department of Justice the ongoing Title IX violations involving the University of New Mexico.

Complaint at 4-5, ¶¶ 22-24 (emphasis in original). The Complaint did not describe the "myriad rights abuses" or the daily "tortious conduct." Plaintiffs asserted claims for deprivation of civil rights pursuant to 42 U.S.C. § 1983, *see* Complaint at 1, stating:

> 35. UNM's de-facto expulsions of Plaintiffs without legally required due process provides Plaintiffs with legal cause of civil action before this court, for deprivation of civil rights.
>
> 36. The New Mexico Higher Education Department's failure to restore Plaintiffs' equal access to higher education at the University of New Mexico provides Plaintiffs with legal cause of civil action before this court, for deprivation of civil rights.
>
> 37. Defendants' behavior violated 42 U.S.C. [sic] by discriminating upon Plaintiffs on basis of protected status including sex, sexual orientation, race, ethnicity, and disability status.

Complaint at 6.

> United States Magistrate Judge Kevin R. Sweazea notified Plaintiffs:
>
> The Complaint fails to state a due process claim. *See Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (20th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?"). The Complaint alleges that "UNM's status as a federally-funded public university requires Defendant to engage in due process in all matters involving student discipline" but does not allege facts describing the process due to Plaintiffs.
>
> The Complaint fails to state a claim against Defendants Peter Kovnat and Stephanie Rodriguez pursuant to 42 U.S.C. § 1983. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The only factual allegation regarding Defendant Kovnat states: "Counsel Peter Kovnat has refused to contact the U.S. Department of Education regarding this matter [UNM and the New Mexico Higher Education Department's failure to restore Plaintiffs' access to education at UNM], despite direct knowledge that such negligence continues to unlawfully compound the active harm and damages which the Supreme Court of Nevada has already ruled has resulted in real harm and damages to Plaintiffs." Complaint at 2, ¶ 3. The

> Complaint does not contain any factual allegations regarding Defendant Rodriguez.
>
> The Complaint fails to state claims of discrimination based on "sex, sexual orientation, ethnicity, and disability status" and retaliation.  The Complaint contains conclusory allegations that Defendants "discriminat[ed] upon Plaintiffs on [the] basis of protected status including sex, sexual orientation, race, ethnicity" and "retaliated against Plaintiffs for lawfully whistle-blowing on matters involving student safety and Title IX violations" but does not contain factual allegations describing the discrimination and retaliation.  A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Furthermore, the Complaint does not identify the specific legal right or federal statutes Plaintiffs believe the alleged discrimination and retaliation violated.  *See Nasious*, 492 F.3d at 1163.

Order at 4-6, Doc. 5, filed January 6, 2023.  Judge Sweazea ordered Plaintiffs to file an amended complaint and denied Plaintiff's motion for appointment of counsel.  *See* Order at 8.

**Amended Complaint**

Plaintiffs' Amended Complaint asserts civil rights claims against the State of New Mexico, *ex rel.* Board of Regents of the University of New Mexico, the New Mexico Department of Higher Education, Peter Kovnat, Stephanie Rodriguez, Matt Ruybal, and Governor Michelle Lujan Grisham (the "New Mexico Defendants") pursuant to 42 U.S.C. § 1983.  *See* Amended Complaint at 1, Doc. 10, filed February 9, 2023.  The Amended Complaint also asserts claims against the United States Department of Education.  *See* Amended Complaint at 1.  Plaintiffs assert due process, retaliation, conspiracy and breach of contract claims.  *See* Amended Complaint at 4-12.

**New Mexico Defendants' Motion to Dismiss**

The New Mexico Defendants move to dismiss the claims against them because:

3

> [T]his Amended Complaint continues to suffer from the same deficiencies identified in the original Complaint by this Court, i.e., failure to state a claim upon which relief can be granted.
>
> Specifically, Plaintiffs have failed to allege facts that support their accusations, that (1) they exhausted their administrative remedies; (2) they were subject to retaliation by the New Mexico Defendants; (3) the New Mexico Defendants conspired with University of Las Vegas, the Las Vegas Metropolitan police, and Las Vegas student services; (4) they were denied due process; and (5) the New Mexico Defendants breached some unidentified contract.

New Mexico Defendants' Limited Appearance for the Purpose of filing this Motion to Dismiss with Prejudice at 3, Doc. 11, filed May 19, 2023 ("Motion") (paragraph numbers omitted).

Plaintiffs have not filed a response opposing the New Mexico Defendants' Motion to Dismiss.  The Court has reviewed the Amended Complaint:

> a district court may not grant a motion to dismiss for failure to state a claim "merely because [a party] failed to file a response." *Id.* at 1194. This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994). Further, it is well established that a "complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Consequently, even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.

 *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003).

<u>Claims Against Defendant New Mexico Department of Higher Education</u>

The Amended Complaint does not show that the Court has jurisdiction over the claims against Defendant New Mexico Department of Health, which is an arm of the State of New Mexico.

> Under the Eleventh Amendment, private parties cannot sue a state in federal court without the state's consent. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d

>1250, 1252 (10th Cir. 2007). This protection extends to entities that are arms of the state. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). When the defendant is a state or an arm of the state, "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co.*, 507 F.3d at 1252; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("This jurisdictional bar applies regardless of the nature of the relief sought.").

*Anderson v. Herbert*, 745 Fed.Appx. 63, 69 (10th Cir. 2018).

As the parties seeking to invoke the jurisdiction of this Court, Plaintiffs bear the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). The Amended Complaint does not allege facts that support jurisdiction over Defendant New Mexico Department of Higher Education. The New Mexico Defendants' Motion to Dismiss does not address the Court's jurisdiction over the New Mexico Department of Higher Education. *See Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

The Court dismisses the claims against Defendant New Mexico Department of Higher Education without prejudice because the Amended Complaint does not show that Court has jurisdiction over those claims. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

<u>Claims Against the Individual Defendants Kovnat, Rodriguez, Ruybal and Lujan Grisham</u>

Plaintiffs allege the following regarding the individual Defendants:

New Mexico Higher Education Department General Counsel Peter Kovnat has refused to contact the U.S. Department of Education regarding [a U.S. Department of Education investigator's statement that "it is the legal responsibility of the New Mexico Higher Education Department to immediately restore the rights of equal access to higher education, through immediate reinstatement of Plaintiff's as full-time undergraduate students at" UNM], despite direct knowledge that such negligence continues to unlawfully compound the active harm and damages which the Supreme Court of Nevada has already ruled has resulted in real harm and damages to Plaintiffs, in the Supreme Court of Nevada's ruling of permanent legal disbarment for Nevada Deputy Attorney General Gianna Maria E. Orlandi.

The Office of New Mexico Governor Michelle Lujan Grisham has re-confirmed the New Mexico Higher Education Department is legally responsible for ensuring Plaintiffs' immediate equal access to higher education; enforcement of this legal obligation falls upon Defendant Michelle Lujan Grisham's appointee/Defendant Matt Ruybal.

Despite this fact, the Office of New Mexico Governor Michell Lujan Grisham has failed to enforce Plaintiffs' legally guaranteed right to equal access to higher education through the New Mexico Higher Education Department.

Operating under the oversight of the United States Department of Education through state of New Mexico state agencies receiving federal funds, Plaintiffs Michelle Lujan Grisham, Stephanie Rodriguez, and Peter Kovnat are under federal legal obligation to oversee legal compliance within the State of New Mexico with FERPA, as well as the Clery Act.

The failures of Defendants Michelle Lujan Grisham, Stephanie Rodriguez, and Peter Kovnat to comport with state laws and federal laws brings Plaintiffs' legal cause of action before this Court.
....
Defendants Michelle Lujan Grisham, Matt Ruybal, Stephanie Rodriguez, and Peter Kovnat have subsequently unlawfully refused to enforce Plaintiffs' legally guaranteed right to equal access to higher education.
....
A Las Vegas, Nevada law enforcement agency ... has confirmed Plaintiffs as victims of violent crimes, which each named Defendant (... Stephanie Rodriguez; Peter Kovnat; Michelle Lujan Grisham; Matt Ruybal ...) has engaged upon in prohibited, felonious acts, in suppression of Plaintiffs' ongoing, legally-protected whistle-blowing rights.
....
Peter Kovnat, Stephanie Rodriguez, Matt Ruybal, Michelle Lujan Grisham ... have engaged in Breach of Contract against Plaintiffs through the unlawful

> prevention of Plaintiffs' guaranteed legal right to equal access to higher education in the United States of America.

Amended Complaint at 2, 8, 11-12.

The Amended Complaint fails to state claims pursuant to 42 U.S.C. § 1983 against Defendants Kovnat, Rodriguez, Ruybal and Michelle Lujan Grisham in their individual capacities. The Amended Complaint makes conclusory allegations that the individual Defendants failed to comply with state laws and federal laws, refused to enforce Plaintiffs' rights, and engaged in acts suppressing Plaintiffs' rights and engaged in breach of contract. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Amended Complaint does not contain factual allegations explaining what each of the individual Defendants did to each Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

<u>Due Process</u>

Plaintiffs allege they "have exhausted all avenues of appropriate recourse with the University of New Mexico, and have been unlawfully denied due process at each level of the university." Amended Complaint at 8. In the section of the Amended Complaint titled "Due Process Claim," Plaintiffs allege that:

> Each named Plaintiff has possessed/possesses protected propert(ies) and liberty interest to which due process protections applied . . .

7

> Each named Plaintiff in this federal civil action has been criminally and civilly violated their federally guaranteed right(s) to due process afforded under state and federal law(s) by each named Defendant.
>
> . . . each named Defendant ... has engaged upon in prohibited, felonious acts, in suppression of Plaintiffs' ongoing, legally-protected whistle-blowing rights.

Amended Complaint at 11. Plaintiffs allege Defendants deprived them of their protected property interest in access to higher education. *See* Amended Complaint at 1 (alleging Defendants UNM and the New Mexico Higher Education Department "have failed to restore Plaintiffs' equal access to higher education at UNM); at 2 (alleging Defendants Lujan Grisham and Ruybal failed to ensure Plaintiffs' equal access to  higher education); at 5 (alleging UNM employee Smith Frederick, who is not named as a defendant, "refused to assist Plaintiffs' in registering for a full semester of classes within UNM's College of Education, effectively de-facto expelling, without legal due process, Plaintiffs from the College of Education"); at 8 (alleging "UNM unlawfully conspired with  UNLV and [Nevada System of Higher Education] to unlawfully deprive Plaintiffs' of . . . right to equal access to higher education").

The Amended Complaint fails to state a due process claim. *See Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (20th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?").

The Amended Complaint makes conclusory allegations that Plaintiffs exhausted administrative remedies and Defendants violated Plaintiffs' right to due process but does not support those allegations with specific facts describing the actions Plaintiffs took to exhaust administrative remedies, describing what process Plaintiffs were due or how each Defendant did not afford each Plaintiff appropriate process.

Retaliation

In the section of the Complaint titled "Description of Retaliation," Plaintiffs discuss the actions of several persons affiliated with UNM who are not named as Defendants ("UNM Personnel"):

(i) UNM employee Smith Frederick promised to assist Plaintiff in securing legal counsel and medical professionals but did not do so and "refused to assist Plaintiffs' in registering for a full semester of classes within UNM's College of Education, effectively de-facto expelling, without legal due process, Plaintiffs from the College of Education;"

(ii) UNM graduate student Nicholas Dawson, who represented to Plaintiffs that he was a licensed medical doctor, refused to provide Plaintiffs access to their medical records;

(iii) UNM Financial Aid Office Director Brian Malone, along with Smith Frederick, said he provided cash assistance to female students at UNM but refused to provide similar assistance to Plaintiffs;

(iv) UNM College of Education Dean Deborah Rifenbary stipulated that "Plaintiffs were not being treated with equity" but "took no corrective action for redress of this grievance;"

(v) UNM President Garnett Stokes "refused to comply with direct inquiry into [the alleged UNM and UNLV conspiracy to deprive Plaintiffs' of rights] made by the Federal Bureau of Investigation;" and

9

      (vi)      Loretta Martinez, UNM's General Counsel, "de-facto expelled Plaintiffs from the University of New Mexico under the alleged/unfounded premise that Plaintiffs . . . allegedly '*lack legitimate educational intent*.'"

Amended Complaint at 4-10. Plaintiffs also allege that:

> Records provided via FERPA disclosures made by UNM have shown that UNM violated federal FERPA law to directly criminally retaliate upon Plaintiffs, with the direct assistance of parties at UNLV, solely out of criminal retaliation for Plaintiffs continuing to whistle-blow on the feloniously unsafe campus environment at UNLV. . .
> . . . .
> Defendants, through personnel, retaliated against Plaintiffs for lawfully whistle-blowing on matters involving student safety and Title IX violations.

Amended Complaint at 7, 10.

The Amended Complaint fails to state a claim for retaliation. To state a Title IX retaliation claim, a plaintiff must show: "(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Berry v. Mission Group Kansas, Inc.*, 463 Fed.Appx. 759, 766 (10th Cir. 2012) (quoting *Twigg v. Hawker Beechcraft Corp.,* 659 F.3d 987, 998 (10th Cir. 2011)). "To establish a causal connection, a plaintiff must present evidence of circumstances that justify an inference of retaliatory motive." *Bekkem v. Wilkie*, 915 F.3d 1258, 1271 (10th Cir. 2019) (regarding a Title VII retaliation claim) (quotation marks omitted); *Doe v. School District No. 1, Denver, Colo.*, 970 F.3d 1300, 1315 (10th Cir. 2020) ("This court regularly borrows from Title VII in resolving Title IX claims. Indeed, we have explicitly held "Title VII ... is the most appropriate analogue when defining Title IX's substantive standards . . . various courts have applied the Title VII retaliation framework to Title IX retaliation claims") (Tymkovich, J., concurring) (quotation marks and citations omitted). The Amended Complaint fails to show a

causal connection between Plaintiffs' alleged whistle-blowing and the allegedly adverse actions of Defendants and the UNM Personnel because there are no factual allegations to justify an inference that a retaliatory animus was a motivating factor for the Defendants' or UNM Personnel's actions. Furthermore, regarding the actions of the UNM Personnel:

> Section 1983 does not authorize respondeat superior liability for a supervisor based solely on the actions of his subordinates. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "[T]he three elements required to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities [are]: (1) personal involvement[,] (2) causation, and (3) state of mind." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013).

*Burke v. Regalado*, 935 F.3d 960, 997 (10th Cir. 2019). There are no allegations in the Amended Complaint that any of the New Mexico Defendants were personally involved in the alleged retaliatory acts or that their alleged actions set in motion a series of events that they knew or reasonably should have known would cause others to retaliate against Plaintiffs.

Conspiracy

Plaintiffs allege "UNM unlawfully conspired with UNLV and NSHE to unlawfully deprive Plaintiffs' [sic] of Plaintiffs' legally guaranteed rights, including the legally guaranteed right to equal access to higher education." Amended Complaint at 8, ¶ 47. To state a Section 1983 conspiracy claim, a plaintiff has to allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal") among defendants." *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022). The Amended Complaint fails to state a Section 1983 conspiracy claim because it does not contain specific facts showing an agreement and concerted action among Defendants.

Breach of Contract

The Amended Complaint alleges that:

> Defendants have engaged in Breach of Contract of Contract [sic] against Plaintiffs through the unlawful prevention of Plaintiffs' guaranteed legal right to equal access to higher education in the United States of America.

Amended Complaint at 12, ¶ 76.  There are no factual allegations identifying the contract Plaintiffs allege the New Mexico Defendants breached, the terms of the contract, or describing how each New Mexico Defendant breached the contract. The allegation that Plaintiffs entered into an agreement with the Nevada System of Higher Education's Board of Regents and that University of Nevada-Las Vegas personnel breached the agreement is not relevant to Plaintiffs' breach of contract claim against the New Mexico Defendants.  *See* Amended Complaint at 4, ¶ 19.  Consequently, the Amended Complaint fails to state a claim for breach of contract against the New Mexico Defendants.

Conclusion

The Court dismisses Plaintiffs' claims against Defendant New Mexico Department of Higher Education without prejudice for lack of jurisdiction.  The Court dismisses Plaintiffs' claims against the remaining New Mexico Defendants with prejudice for failure to state a claim.

**Claims against the U.S. Department of Education**

Plaintiffs allege that they met with U.S. Department of Education investigators to discuss UNM's alleged "abuses."  Complaint at 2, 8-9, 12.  Plaintiffs assert due process, retaliation and breach of contract claims against the U.S. Department of Education.  *See* Complaint at 10, ¶ 61 (retaliation claim referring to "Defendants" generally); at 11, ¶ 70 (stating U.S. Department of Education "has engaged upon in prohibited, felonious acts, in suppression of Plaintiffs' ongoing, legally-protected whistle-blowing rights"); at 11, ¶ 69 (due process claim referring to "Defendants" generally); at 12 (breach of contract claim referring to U.S. Department of Education).  The Amended Complaint does not, however, contain any factual allegations

showing that the U.S. Department of Education violated Plaintiffs' due process rights, retaliated against Plaintiffs or breached a contract.

The Court dismisses the claims against the United States Department of Education without prejudice for lack of subject-matter jurisdiction. Plaintiffs not have not shown that the Court has subject-matter jurisdiction over Plaintiffs' claims against the United States Department of Education because the Amended Complaint does not contain factual allegations showing that Congress has waived the United States' sovereign immunity. *See High Lonesome Ranch, LLC v. Bd. Of County Comm'rs for the County of Garfield*, 61 F.4th 1225, 1237 (10th Cir. 2023) ("The United States is immune from suit unless Congress has expressly waived its sovereign immunity") (citing *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 280 (1983)).

While the Federal Tort Claims Act [FTCA] provides that the United States may be liable in certain circumstances, Plaintiffs have not named the United States as a defendant. *See Gaines v. Pearson*, 516 Fed.Appx. 724, 726 (10th Cir. 2013) (concluding that the district court lacked subject matter jurisdiction of plaintiff's [Federal Tort Claims Act] claim against the federal defendants; the United States is the only proper defendant and plaintiff had not named the United States) (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)). In addition, the FTCA "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies;" the exhaustion requirement is "jurisdictional and cannot be waived." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (quoting *McNeil v. United States,* 508 U.S. 106, 113 (1993)). Although Plaintiffs make the conclusory allegation that they "exhausted the administrative remedy on all claims," they have not alleged specific facts showing that they

13

submitted an administrative tort claim to the U.S. Department of Education, described the scope of and grounds for the claim, or stated when they submitted the claim.

**Plaintiffs' Amended Motion for Appointment of Counsel**

Judge Sweazea denied Plaintiffs' first motion for appointment of counsel stating that civil litigants have no right to counsel and explained that while courts have authority to request an attorney to represent a litigant who is proceeding *in forma pauperis*, the Court cannot require an unwilling attorney to represent an indigent litigant in a civil case because Congress has not provided any mechanism, process, or funds to pay appointed counsel.  *See* Order at 3 (referring Plaintiffs to the District of New Mexico's Guide for Pro Se Litigants which lists resources for legal representation).

Plaintiffs now move the Court to appoint "a willing attorney" to represent them "given the extraordinary circumstances inherent to Plaintiffs' case."  Plaintiffs' Amended Motion for Appointment of Counsel at 1, Doc. 9, filed February 9, 2023.  The Court denies Plaintiffs' Amended Motion for Appointment of Counsel because the Court does not maintain a list of attorneys willing to represent indigent litigants and because the Court is dismissing this case.

**IT IS ORDERED** that:

(i) The New Mexico Defendants' Limited Appearance for the Purpose of Filing this Motion to Dismiss with Prejudice, Doc. 11, filed May 19, 2023, is **GRANTED.** Plaintiffs' claims against Defendant New Mexico Department of Higher Education are **DISMISSED without prejudice.**  Plaintiffs' claims against the remaining New Mexico Defendants are **DISMISSED with prejudice.**

(ii) Plaintiffs' claims against the U.S. Department of Education are **DISMISSED without prejudice.**

(iii)     Plaintiffs' Amended Motion for Appointment of Counsel, Doc. 9, filed February 9, 2023, is **DENIED.**

(iv)     This case is **DISMISSED.**

_____
**UNITED STATES DISTRICT JUDGE**